By the Court.
George Hitzler, defendant in error, filed bis affidavit itt attachment before a justice of the peace in and for Cincinnati township, Hamilton county, charging that Benjamin Riley, plaintiff in error, was then justly indebted to him for board and refreshments; that the property about to be attached was not exempt from execution; that Riley was-not the head or support of a family; that he was a non-resident of Ohio; and that the affiant had good reasons to and did believe that The Cincinnati, Indianapolis, St. Eouis & Chicago Railway Company had in its possession moneys,, etc., the property of Riley.
Before any testimony was offered or judgment entered in the action, Riley filed a motion to dismiss the attachment and garnishment in the cause, for the following alleged reasons, to-wit: “That said defendant is the head of a family, and not the owner of a homestead; and that the property sought to be attached herein are the personal earnings of the said defendant within three months, last prior to the beginning of this action; and that said earnings do not *652 exceed the sum of one hundred and- fifty dollars, and are necessary for the support of himself and family.”
The motion was supported by affidavits, but there was no evidence that Riley was then the head or support of a family, except the fact, that he then resided with a widowed mother and invalid brother who were solely dependent on him for support, and who were supported by him. Hitzler filed no affidavits in rebuttal. The motion to discharge the attachment was overruled; exception was taken; and judgment was rendered for Hitzler. On error, the common pleas court affirmed the judgment of the justice of the peace; and on error to the circuit court the judgment of the common pleas court was affirmed; and by this proceeding, it is sought to reverse the judgment of the circuit court.
Under the decision in Snook v. Snetzer, 25 Ohio St. 516, the earnings of the debtor for his personal services for the time prescribed, would be exempted by section 5483 of the Revised Statutes, as well in attachment as under proceedings in aid of execution. But the question arises, whether the plaintiff in error is the head of a family, as contemplated in that section, or in section 5430 of the Revised Statutes, so as to be entitled to the benefit of its provisions. The question is one of statutory right and construction. The claim of the plaintiff in error, if sustainable, must be so by virtue of the -statute and not otherwise.
Section 5430, among the exemptions granted to heads of families and widows, provides that, “Every person who has a family, and every widow, may hold the following property exempt from execution, attachment, or sale for any debt, to-wit: * * * 6. The personal earnings of the debtor, and the personal earnings of his or her minor child or children, for three months, when it is made to appear, by the affidavit of the debtor, or otherwise, that such earnings are necessary to the support of such debtor, or of his or her family; and such period of three months shall date from the time of issuing any attachment or other process, the rendition of any judgment, or the making of any.order, under which the attempt may be made to subject *653 such earnings to the payment of a debt. ” The words, “ Every person who has a family, and every widow,” in connection with the words, “the personal earnings of the debtor, and the personal earnings of his or her minor child or children, when it is made to appear that such earnings are necessary to the support of such debtor, or of. his or her family,” suggest and imply support or maintenance by a parent. The exemption from execution and attachment of the personal earnings of the debtor and of his or her minor child or children point to the parental relation, and to one as the head of a family who is under a legal obligation to provide for their support.
Section 5483 of the Revised Statutes, in aid of execution, is in pari materia with section 5430. While it provides that the judge may order property of the judgment debtor, or money due to him, not exempt by law, to be applied toward the satisfaction of the judgment, it prevents the earnings of the debtor for his personal services from being so applied. In providing that “the earnings of the debtor for his personal services at any time within three months next preceding the order, cannot so be applied, when it is made to appear by the affidavit of the debtor, or. otherwise, that such earnings are necessary for the use of a family supported wholly, or partly by his labor, ” section 5483 evidently has reference to section 5430, and to the same class of debtors or heads of families embraced therein. But in determining “who has a family,” or who is the head of a family, in the statutory sense, the relations existing between the plaintiff in error and his widowed mother, and invalid brother, are not, we think, such as are contemplated in the above sections of the statute.
. The plaintiff in error cannot be deemed the head of a family within the meaning of the statute so as to entitle him to a homestead, or in lieu thereof to hold exempt from levy and sale property of the value of five hundred dollars, in addition to the amount of chattel property otherwise by law exempted. It cannot therefore be used as an argument, that being the head of a family under the homestead law, he should be treated as such for the purpose of *654 exempting his personal earnings for three months from execution and attachment.

Judgment of the Circuit Court affirmed.